FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 25 2025 ★
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**JOSEPH BEN HADDOU AZAGRAR & PET ER 24/7,**

**Plaintiffs,**

**CV 25 3959**

**UNITED STATES SMALL BUSINESS ADMINISTRATION,**
**KELLY LOEFFLER, in her official capacity as Administrator of the SBA,**
**and**
**FIRST NATIONAL BANK OF PENNSYLVANIA,**

**BROWN, J.**

**Defendants.**

**WICKS, M.J.**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

NATURE OF THE ACTION

1. Plaintiff brings this pro se action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702 and 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, seeking judicial review of the denial of his SBA 7(a) loan application by the Small Business Administration ("SBA") and First National Bank of Pennsylvania ("FNB").

2. Plaintiff requests a declaration that the denial was arbitrary, capricious, and unlawful; injunctive relief directing reconsideration of his loan; and protection of his procedural rights under federal law.

JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702, as this action arises under federal law and involves judicial review of agency action .

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1), because Plaintiff resides in this district and a substantial part of the events or omissions giving rise to the claims occurred here .

PARTIES

5. Plaintiff Joseph Ben Haddou Azagrar is a U.S. citizen and licensed veterinarian residing at 19 Dosoris Way, Glen Cove, NY 11542. He is the sole proprietor of Pet ER 24/7, located at 60 Route 25A, East Setauket, NY 11733.

6. Defendant SBA is an agency of the United States that oversees the 7(a) loan program.

7. Defendant Kelly Loeffler is the current Administrator of the SBA and is sued in her official capacity.

8. Defendant First National Bank of Pennsylvania is an SBA-authorized lender that reviewed and denied Plaintiff's loan application.

FACTUAL BACKGROUND

9. Plaintiff submitted a completed SBA 7(a) loan application through FNB, including tax returns, profit and loss statements, a business plan, a personal financial statement, and a resume. [Exhibit Y] [Exhibit Z]

10. Plaintiff's business demonstrated robust growth, with income rising from approximately $931,000 in 2023 to $1.9 million in 2024. Net losses were attributed to reinvestment in equipment and expansion, with financials showing improvement in Q1 2025.

11. FNB denied the loan citing cash flow insufficiency, yet failed to consider relevant add-backs and Q1 2025 data evidencing operational viability.

12. Plaintiff requested reconsideration, offered structured disbursement terms, and provided additional financial documentation, but received no meaningful response.

13. The SBA affirmed the denial without independent evaluation or providing notice or opportunity for response.

14. As a direct result of the SBA and FNB's denial, Plaintiff was forced to obtain working capital through high-interest merchant cash advances from alternative lenders. These arrangements, often exceeding 50% APR when annualized, imposed daily and weekly repayment burdens that strained operations.

15. Among the cash advances secured were: (a) a $42,500 advance from Amsterdam Capital Group with a payback of $63,708 at $531/day; (b) Forward Financing agreements dated October 25, 2024 ($199,875 payback), January 8, 2025 ($34,250 payback), and June 30, 2025 ($119,850 payback); and (c) a $112,800 agreement with The Smarter Merchant on January 23, 2025 with an estimated APR of 59.22% and daily payments of $626.67. [Exhibit A] [Exhibit B] [Exhibit P]

16. These burdensome loans were necessitated solely due to the arbitrary denial of SBA-guaranteed financing, forcing Plaintiff into unsustainable obligations that threaten business solvency.

Argument: Compliance with SBA Guidelines

17. The plaintiff met all current SBA guidelines and requirements for the 7(a) loan program. The SBA's guidelines require applicants to demonstrate a viable business model, sufficient cash flow, and the ability to repay the loan. Plaintiff's business, Pet ER 24/7,

showed significant growth and operational viability, as evidenced by the increase in revenue from $931,000 in 2023 to $1.9 million in 2024.

18. The SBA guidelines also necessitate a comprehensive review of the applicant's financial documentation, including tax returns, profit and loss statements, and business plans. Plaintiff provided all required documentation, which demonstrated the business's potential for continued growth and profitability.

19. Despite meeting these guidelines, the SBA and FNB failed to adequately consider the additional financial documentation provided by Plaintiff, which included structured disbursement terms and evidence of improved financial performance in Q1 2025.

20. The denial of Plaintiff's loan application was arbitrary and capricious, as it disregarded the substantial evidence of compliance with SBA guidelines and the business's ability to repay the loan. This failure to consider relevant evidence constitutes a violation of the APA, 5 U.S.C. § 706(2)(A).

CLAIMS FOR RELIEF

Count I - Arbitrary and Capricious Agency Action (APA, 5 U.S.C. § 706)

21. Plaintiff incorporates paragraphs 1-16 by reference.

22. Defendants' refusal to approve Plaintiff's loan application was arbitrary and capricious and lacked adequate justification, in violation of 5 U.S.C. § 706(2)(A).

23. Defendants failed to reasonably consider evidence of repayment ability and business viability.

Count II - Violation of Procedural Due Process

20. Plaintiff incorporates paragraphs 1-19 by reference.

21. The SBA's rubber-stamp denial, without notice or opportunity to be heard, deprived Plaintiff of procedural rights protected under the Fifth Amendment.

22. Plaintiff had a protected interest in the fair and lawful consideration of his application for federally guaranteed credit.

Count III - Declaratory Relief (28 U.S.C. §§ 2201-2202)

23. Plaintiff incorporates paragraphs 1-22 by reference.

24. An actual controversy exists regarding whether the denial was lawful and in compliance with APA and due process guarantees.

25. Plaintiff is entitled to a declaration that the denial violated federal law.

INJURY AND STANDING

26. Plaintiff has sustained economic harm as a result of the denial, including the inability to finance essential equipment and maintain staffing levels.

27. The financial losses are evidenced by P&L statements showing net losses of $334,521.61 in 2023 and $295,639 in 2024, with $56,167.08 net ordinary loss in 2024 against $1.95 million in revenue .

28. Plaintiff's business remains solvent and viable, but the unjustified denial jeopardizes continued operations and financial recovery .

29. Due to the ongoing cash flow instability caused by Defendants' denial of SBA-backed financing, Plaintiff experienced repeated payroll delays, which led to late 401(k)

contributions for employees. Emails from Vestwell, the third-party plan administrator, document missing or late contributions for payrolls dated April 28, May 12, and June 23, 2025. In many instances, contributions were only remitted as off-cycle payments after intervention or warning from the plan administrator, reflecting systemic hardship in meeting timely obligations. [Exhibit W] [Exhibit X]

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that Defendants' denial of Plaintiff's SBA 7(a) loan application was arbitrary, capricious, and in violation of the APA ;

b. Declare that Plaintiff was denied procedural due process ;

c. Enjoin Defendants from further denying Plaintiff's application without meaningful review ;

d. Order Defendants to reconsider Plaintiff's application in accordance with applicable laws and fair lending standards ;

e. Award Plaintiff costs and reasonable attorney's fees pursuant to 28 U.S.C. § 2412 ;

f. Grant such other and further relief as this Court deems just and proper.

Dated: July 22, 2025
Respectfully submitted,

Joseph Ben Haddou Azagrar
Pro Se
Sole Proprietor, Pet ER 24/7
60 Route 25A, Suite 1
East Setauket, NY 11733
Phone: 631-247-3837
Email: azagrar.icu@peter247.com

Azagrar, Joseph Ben Haddou, DVM

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

JOSEPH BEN HADDOU AZAGRAR & PET ER 24/7,

Plaintiffs,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION,

KELLY LOEFFLER, in her official capacity as Administrator of the SBA,

and

FIRST NATIONAL BANK OF PENNSYLVANIA,

Defendants.

Civil Action No. ____________

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**PRELIMINARY STATEMENT**

This memorandum of law is respectfully submitted in support of Plaintiff's Motion for a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, seeking to enjoin Defendants from acting on the denial of Plaintiff's SBA 7(a) loan application and requiring reconsideration of that application in good faith under federal law.

**LEGAL STANDARD**

Rule 65 of the Federal Rules of Civil Procedure authorizes courts to issue preliminary injunctions to prevent irreparable harm and preserve the status quo. To obtain such relief, a movant must demonstrate (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest. See Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010).

## ARGUMENT

### I. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

Plaintiff brings this action under the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A), which empowers courts to set aside agency actions that are arbitrary, capricious, or contrary to law. Despite submitting all required financial records and demonstrating operational growth, Plaintiff's SBA 7(a) loan application was denied without sufficient explanation or individualized consideration. The Small Business Act (15 U.S.C. § 636(a)) and related SBA Standard Operating Procedures (SOP 50 10 6) require lenders to assess an applicant's creditworthiness, repayment ability, and business viability. Plaintiff's record reflects full compliance with these criteria, and the denial lacked a rational basis, in violation of the APA.

### II. PLAINTIFF WILL SUFFER IRREPARABLE HARM WITHOUT RELIEF

Plaintiff has been forced to rely on predatory merchant cash advances with interest rates exceeding 50%, resulting in substantial daily repayment obligations. Additionally, the denial has delayed payroll cycles and 401(k) plan contributions, exposing Plaintiff to potential legal liability and risking business insolvency. The Second Circuit recognizes irreparable harm where the movant's business is threatened with financial collapse. See Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 404 (2d Cir. 2004).

### III. THE BALANCE OF EQUITIES FAVORS PLAINTIFF

An injunction would require only reconsideration of Plaintiff's loan application—not the issuance of funds—thus imposing minimal burden on Defendants. Conversely, without relief, Plaintiff's business and employees face disproportionate harm. Equity clearly supports injunctive relief.

### IV. THE PUBLIC INTEREST IS BEST SERVED BY INJUNCTIVE RELIEF

Public confidence in federally administered programs requires transparent, rational, and fair agency action. The denial of SBA-guaranteed financing to qualified applicants undermines this trust and risks forcing small businesses into predatory lending cycles. Veterinary emergency services provided by Plaintiff's business serve a critical public need.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his Motion for Preliminary Injunction and order Defendants to reconsider the SBA loan application in compliance with federal law.

Dated: July 22, 2025

Respectfully submitted,

*Azagrar, Joseph Ben Haddou, DVM*

Joseph Ben Haddou Azagrar
Pro Se
Sole Proprietor, Pet ER 24/7
60 Route 25A, Suite 1
East Setauket, NY 11733
Phone: 631-247-3837
Email: azagrar.icu@peter247.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

JOSEPH BEN HADDOU AZAGRAR & PET ER 24/7

Plaintiffs,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION,

KELLY LOEFFLER, in her official capacity as Administrator of the SBA,

and

FIRST NATIONAL BANK OF PENNSYLVANIA,

Defendants.

Civil Action No. ______________

SUMMONS IN A CIVIL ACTION

TO: First National Bank of Pennsylvania
Attn: Legal Department
501 Fayetteville Street, 7th Floor
Raleigh, NC 27601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Dr. Joseph Ben Haddou Azagrar & Pet ER 24/7 (Pro Se)
60 Route 25A, Suite 1
East Setauket NY 11733
631-247-3837 | azagrar.icu@peter247.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: ____________________

Signature of Clerk or Deputy Clerk

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

JOSEPH BEN HADDOU AZAGRAR & PET ER 24/7

Plaintiffs,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION,

KELLY LOEFFLER, in her official capacity as Administrator of the SBA,

and

FIRST NATIONAL BANK OF PENNSYLVANIA,

Defendants.

Civil Action No. ______________

SUMMONS IN A CIVIL ACTION

TO: Kelly Loeffler, SBA Administrator
c/o Office of the General Counsel
409 3rd Street, SW
Washington, D.C. 20416

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Dr. Joseph Ben Haddou Azagrar & Pet ER 24/7 (Pro Se)
60 Route 25A, Suite 1
East Setauket, NY 11733
631-247-3837 | azagrar.icu@peter247.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: ____________________

Signature of Clerk or Deputy Clerk

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

JOSEPH BEN HADDOU AZAGRAR & PET ER 24/7

Plaintiffs,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION,

KELLY LOEFFLER, in her official capacity as Administrator of the SBA,

and

FIRST NATIONAL BANK OF PENNSYLVANIA,

Defendants.

Civil Action No. _____________

SUMMONS IN A CIVIL ACTION

TO: United States Small Business Administration
409 3rd Street, SW
Washington, D.C. 20416

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Dr. Joseph Ben Haddou Azagrar & Pet ER 24/7 (Pro Se)
60 Route 25A, Suite 1. East Setauket, NY 11733
631-247-3837 | azagrar.icu@peter247.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: ______________________

Signature of Clerk or Deputy Clerk